**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SADANNIE GRIFFITH,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CASE NO. 19-CV-01601 (NGG) (JO)**

**CONEY FOOD CORP. d/b/a CHECKERS,**
**CHECKERS DRIVE-IN RESTAURANTS, INC.,**
**and JAVAID ABID,** *Individually*

      **Defendants.**
_____/

**<u>DEFENDANT CHECKERS DRIVE-IN</u>**
**<u>RESTAURANTS, INC.'S REPLY TO PLAINTIFF SADANNIE</u>**
**<u>GRIFFITH'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS</u>**

# I

# <u>TABLE OF CONTENTS</u>

I.      TABLE OF CONTENTS ................................................................................. i

II.     TABLE OF AUTHORITIES ........................................................................... ii

III.    MEMORANDUM OF LAW ...........................................................................1

      A. Plaintiff Does Not Plausibly Allege Joint Employment Under The Anti-Discrimination
         Laws .................................................................................................................1

      B. Plaintiff's Inconsistent Factual Allegations Require Dismissal ..................................7

      C. Plaintiff Pleads No Plausible Basis For Joint Employment Under The NYLL ...........8

      D. Plaintiff Does Not Allege Franchisor Knew About, Or Could Have Prevented, The
         Alleged Misconduct .........................................................................................9

      E. Plaintiff's NYLL Claims Fail For Lack Of An Agreement To Pay Wages. .............10

II

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                  **Page(s)**

*Ayala v. Metro One Sec. Sys., Inc.*,
    No. 11-CV-233 (JG) (ALC), 2011 U.S. Dist. LEXIS 42325 (E.D.N.Y. Apr. 19, 2011) ....6

*Barbosa v. Continuum Health Partners, Inc.*,
    716 F. Supp. 2d 210 (S.D.N.Y. 2010)..................................................................5, 6

*Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*,
    No. 16-CV-541 (ARR)(JO), 2016 U.S. Dist. LEXIS 172767 (E.D.N.Y. Dec. 12, 2016).....5

*Chen v. Domino's Pizza, Inc.*,
    CIV.A. 09-107 (JAP), 2009 WL 3379946 (D.N.J. Oct. 16, 2009) .......................................5

*Conde v. Sisley Cosmetics USA, Inc.*,
    2012 U.S. Dist. LEXIS 72726 (S.D.N.Y. May 22, 2012)....................................3, 4, 5, 10

*Dias v. Cmty. Action Project, Inc.*,
    No. 07-CV-5163 (NGG) (RER), 2009 U.S. Dist. LEXIS 17562 (E.D.N.Y. Mar. 4, 2009)
    (Garaufis, J.)........................................................................................................1, 6, 7

*France v. Touro Coll.*,
    No. 14 CV 4613 (NGG) (CLP), 2016 U.S. Dist. LEXIS 20006 (E.D.N.Y. Feb. 16, 2016)..1, 2

*France v. Touro Coll..,*
    2016 U.S. Dist. LEXIS 36001 (E.D.N.Y. Mar. 18, 2016) (Garaufis, J.). .............................1, 2

*Gonzalez v. Allied Barton Sec. Services*,
    08 CIV 9291 RJS RLE, 2010 WL 3766964, (S.D.N.Y. Sept. 7, 2010), *report and recommendation adopted*, 08 CIV 9291 RJS JLE, 2010 WL 3766954 (S.D.N.Y. Sept. 27, 2010) ................................................................................................................................4

*Goodman v. Port Auth. of N.Y. & N.J.*,
    850 F. Supp. 2d 363 (S.D.N.Y. 2012)................................................................1, 5, 10

*Hart v. Rick's Cabaret Intern., Inc.*,
    967 F. Supp. 2d 901 (S.D.N.Y. 2013)...................................................................9

*In re Domino's Pizza Inc.*,
    2018 WL 4757944 (S.D.N.Y. Sept. 30, 2018)......................................................9

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001)...................................................................8

*Keun-Jae Moon v. Joon , at *Gab Kwon*,
   248 F. Supp. 2d 201 (S.D.N.Y. 2002)....................................................................10

*Lihli Fashions Corp. v. NLRB*,
   80 F.3d 743 (2d Cir. 1996)...................................................................................1

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)............................................................................................1

*Mrla v. Fed. Nat'l Mortgage Ass'n*,
   15-CV-13370, 2016 WL 3924112 (E.D. Mich. July 21, 2016) ...........................8

*Nakahata v. N.Y.-Presbyterian Healthcare Sys.*,
   2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sep. 6, 2012)....................................5

*N.L.R.B. v. Solid Waste Services*,
   38 F.3d 93 (2d Cir. 1994)....................................................................................2

*Olvera v. Bareburger Group LLC*,
   73 F. Supp. 3d 201 (S.D.N.Y. 2014)...................................................................9

*Ovadia v. Office of Indus. Bd. of Appeals*,
   19 N.Y.3d 138 (N.Y. 2012) ............................................................................8, 9

*Popat v. Levy*,
   328 F. Supp. 3d 106 (W.D.N.Y. 2018) .............................................................5, 6

*Smith v. U.S. Army Corps of Eng'rs*,
   No. 09 Civ. 231S(WMS), 829 F. Supp. 2d 176, 2011 U.S. Dist. LEXIS 54879, 2011 WL
   1988769 (W.D.N.Y. May 23, 2011) ...................................................................4

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002)............................................................................................1

*Toppel v. Marriott Int'l, Inc.*,
   2006 U.S. Dist. LEXIS 60529 (S.D.N.Y. Aug. 24, 2006)...................................7

*Urena v. Swiss Post Sols., Inc.*,
   2016 U.S. Dist. LEXIS 128856 (S.D.N.Y. Sep. 21, 2016)..................................5

*Vysovsky v. Glassman*,
   U.S. Dist. LEXIS 79725 (S.D.N.Y. 2007)........................................................10

iv

**Statutes**

New York Labor Law ...................................................................................................5, 8, 9, 10

New York City Human Rights Law...................................................................................2, 4, 5

New York State Human Rights Law ................................................................................2, 4, 5

Title VII of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e *et seq.* ......................2, 4, 5

# I

## MEMORANDUM OF LAW

### A. Plaintiff Does Not Plausibly Allege Joint Employment Under The Anti-Discrimination Laws.

Plaintiff states that "whether defendants jointly employed a plaintiff is a *factual* question that cannot be disposed of on a motion to dismiss and a plaintiff is not required to plead specific facts establishing single or joint employment," citing an opinion issued by this Court, *Dias v. Cmty. Action Project, Inc.*, No. 07-CV-5163 (NGG) (RER), 2009 U.S. Dist. LEXIS 17562 (E.D.N.Y. Mar. 4, 2009) (Garaufis, J.). [Resp.. at 9] (emphasis in original).[1] Neither this Court nor this Circuit have adopted such a broad proposition.[2] In fact, this Court expressly rejected Plaintiff's argument in a case that postdated *Dias*: *France v. Touro College*, No. 14 CV 4613 (NGG) (CLP), 2016 U.S. Dist. LEXIS 20006, at *22 (E.D.N.Y. Feb. 16, 2016); *adopted in full*, 2016 U.S. Dist. LEXIS 36001 (E.D.N.Y. Mar. 18, 2016) (Garaufis, J.).

---

[1] Defendant Checkers Drive-In Restaurants, Inc.'s Motion to Dismiss will be cited as "Motion," and Plaintiff's Response as "Resp."

[2] In this Circuit, the proposition that joint employment is "a factual issue" seems to trace back to statements in either *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996) or *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). *See, e.g., Dias v. Cmty. Action Project, Inc.*, No. 07-CV-5163 (NGG)(RER), 2009 U.S. Dist. LEXIS 17562, at *17, *20, *21 (E.D.N.Y. Mar. 4, 2009) (citing *Lihli* and *Swierkiewicz*). Neither *Lihli nor Swierkiewicz* support the application of the proposition which Plaintiff urges in the instant case. *Lihli* made the statement only in the context of determining the appropriate standard of review for a final decision of the National Labor Relations Board. *Lihli*, 80 F.3d at *747 ("The determination[] . . . of single employer . . . [is a] question of fact. . . . Factual determinations of the NLRB may be set aside only if those determinations are not 'supported by substantial evidence on the record considered as a whole.'"). *Swierkiewicz* held only that an employment discrimination plaintiff need not plead the prima facie elements set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which are distinct from the test for joint employment. They include "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Id.* at 510 (citing *McDonnell Douglas*, 411 U.S. at 802). *Swierkiewicz*, 534 U.S. at 510, 514. The rationale for the *Swierkiewicz* holding does not apply here. *Swierkiewicz* reasoned that "the *McDonnell Douglas* framework" was "never intended to be rigid, mechanized, or ritualistic" and "does not apply in every employment discrimination case." *Id.* at 511, 512. For example, it does not apply where the plaintiff proves discrimination by direct, as opposed to circumstantial, evidence. *Id.* at 511, 512. These considerations are inapposite in the context of assessing joint employment, where the same multifactor test applies to all cases. *See Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 374, 387 (S.D.N.Y. 2012) (discussing *Swierkiewicz* on page 11 but nevertheless dismissing plaintiff's complaint for failure to allege ultimate facts supporting the legal conclusion of joint employment).

In *Touro College*, the plaintiff worked as a security guard for Securitas, which provided security services on the Touro Campus in Queens. *Id.* at *3. The plaintiff sued both entities for discrimination under Title VII, the NYSHRL, and the NYCHRL. *Id.* The plaintiff alleged Touro was her joint employer because both of her direct supervisors were employed by Touro. *Id.* *1-*4, *21, *22.  One of them harassed her and the other failed to investigate or act on her complaints. *Id.* In support of joint employment, she also alleged she "had 'to report to Touro employees if she was late to work or had to use the restroom.'" *Id.* at *22.

Touro moved to dismiss on the basis that these allegations were insufficient to plausibly suggest joint employment. *Id.* at *21. In response, the plaintiff argued, among other things, that "whether Touro had the right to control the manner and means of plaintiff's performance necessary to establish an employer-employee relationship is a factual issue that should be reserved for the trier of fact," citing *N.L.R.B. v. Solid Waste Services*, 38 F.3d 93, 94 (2d Cir. 1994). *Id.* at *22. Magistrate judge Pollack rejected her argument, and this Court adopted his report and recommendation in full. *Id.*; *Touro Coll.*, 2016 U.S. Dist. LEXIS 36001 (Garaufis, J.).

The Court reasoned that plaintiff's complaint did not "state a plausible claim that Touro was a joint employer" under *Iqbal* or *Twombly* because it was "silent as to who determined plaintiff's assignments, who set the terms of plaintiff's schedule, who had the right to determine the responsibilities that the plaintiff was required to perform, and whether Touro had the right to discharge plaintiff if it determined her work was not satisfactory." *Touro Coll.*, 2016 U.S. Dist. LEXIS 20006, at *22-*24. The Court found this fatal because these were "all facts at least partially within plaintiff's knowledge without the need for further discovery."

In the instant case, the Amended Complaint suffers from the same defects. Plaintiff alleges that Franchisee and Abid had the power to fire her, [Doc. 12, ¶¶ 22, 36], but she is silent

as to whether Franchisor also possessed this authority.[3] Similarly, she does not identify which defendant—Franchisor, Franchisee, or Mr. Abid—determined her assignments, schedule, or duties. She does not even indicate which Defendant issued or signed her paychecks. Plaintiff knows these facts and should be required to plead them before subjecting Franchisor to the burden of discovery. The closest she comes to touching on these subjects is in Paragraph 22—in which she alleges *Franchisee* "controlled the terms and conditions of her employment"—and Paragraph 36—in which she alleges *Mr. Abid* "had supervisory authority over Plaintiff" and "the authority to . . . affect the terms and conditions of Plaintiff's employment." She makes no such allegations of Franchisor, and she cannot in good faith do so.

Plaintiff places great weight on her allegations that Franchisor was "involved in the operations of [Franchisee] on several levels," including "restaurant appearance and layout requirements, operations standards, managements standards, use of suppliers, and advertising standards, and generating policies for management of employees, including policies related to hiring, firing, and training." [Resp. at 18]. She also emphasizes that Franchisor "had the power to terminate the franchise agreement if the franchisee violated any laws." [*Id.*]. These facts do not plausibly suggest a level of control sufficient to establish joint employment. They represent the minimum level of control any franchisor would be expected to exercise over its franchisee.

For example, in *Conde v. Sisley Cosmetics USA, Inc.*, 2012 U.S. Dist. LEXIS 72726, at *11 (S.D.N.Y. May 22, 2012), the plaintiff worked for a cosmetics vendor, Sisley Cosmetics USA, that operated in a Saks Fifth Avenue store. The plaintiff alleged that Saks was her joint employer because it interviewed or hired her for the cosmetics job, required her to attend mandatory meetings, set her dress code, enforced certain standards of behavior, administered

---

[3] "Franchisee" and "Franchisor" have the same meanings as they did in the Motion to Dismiss.

discipline, "monitored the premises to make sure that everyone was complying with its rules, once threatened to terminate her "if she did not follow Saks' requirements," and ultimately recommended her termination by Sisley. *Id.* at *9, *10, *13, *14. The District Court found that these facts

> do not suggest a level of control sufficient to establish a joint employment relationship between Saks and Sisley. ***To the contrary, Plaintiff's allegations suggest the minimal level of oversight that any store would naturally exercise over vendors operating on its premises to ensure order and good treatment of their customers***. *See Gonzalez*, 2010 U.S. Dist. LEXIS 101846, 2010 WL 3766964, at *4 (finding no employment relationship where agency monitored a contractor's employees and recommended transfer when it discovered misconduct); *Smith v. U.S. Army Corps of Eng'rs*, No. 09 Civ. 231S(WMS), 829 F. Supp. 2d 176, 2011 U.S. Dist. LEXIS 54879, 2011 WL 1988769, at *4 (W.D.N.Y. May 23, 2011) (finding plaintiff's allegations that the government controlled her work during a project and threatened to fire employers who did not adhere to its instructions insufficient to plausibly allege a joint employment relationship). ***Far more than a basic level of oversight is required to plausibly allege a joint employment relationship***. . . . Thus, the Court finds that these facts are insufficient to support an inference that Saks jointly employed Plaintiff.

*Id.* at *10, *11 (emphases added). The court found that although these facts "lend[] *some* support to a joint employer theory, all other facts alleged in the Amended Complaint strongly support the conclusion that Sisley not only signed Plaintiff's paychecks but was the sole entity that controlled the terms and conditions of her employment in every meaningful sense." *Id.* at *14 (emphasis in original). Accordingly, the court dismissed the plaintiff's Title VII and NYCHRL claims against Saks. *Conde* is on all fours with the instant case.

Despite Plaintiff's allegations to the contrary, courts in this Circuit routinely grant motions to dismiss claims under Title VII, the NYSHRL, and the NYCHRL where, as here, the plaintiff failed to plead ultimate facts suggesting joint employment.[4] In addition to *Touro*, *Conde*,

---

[4] Plaintiff contends that dismissal of her NYCHRL claim would be improper because that law "was amended in 2005 to require a more liberal construction than its state and federal analogs." [Resp. at 9]. In fact, the 2005

and the cases cited in Franchisor's Motion to Dismiss, *see, e.g.*, *Urena v. Swiss Post Sols., Inc.*, 2016 U.S. Dist. LEXIS 128856, at *11 (S.D.N.Y. Sep. 21, 2016) (dismissing claims under NYSHRL and NYCHRL because "[n]one of the allegations in the Complaint would plausibly lead to the conclusion that ASPCA was Plaintiff's employer under the joint employer doctrine."); *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 386-87 (S.D.N.Y. 2012) (dismissing claims under Title VII, the NYCHRL, and the NYSHRL because plaintiff "failed to allege sufficient facts that Summit and the Port Authority acted as a single employer").

Claims under the NYLL, too, are routinely disposed of at the motion-to-dismiss stage. *See, e.g.*, *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, at *30-*39 (S.D.N.Y. Sep. 6, 2012) (dismissing complaint with prejudice, reasoning "plaintiffs have not adequately pled that each defendant qualifies as their [joint] 'employer' under the FLSA and NYLL."); *Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, No. 16-CV-541 (ARR)(JO), 2016 U.S. Dist. LEXIS 172767, at *29 (E.D.N.Y. Dec. 12, 2016) (finding plaintiff had "not sufficient pled that Met Council . . . [was a joint] employer within the meaning of the FLSA and NYLL"); *see also Chen v. Domino's Pizza, Inc.*, CIV.A. 09-107 (JAP), 2009 WL 3379946, at *4 (D.N.J. Oct. 16, 2009) (granting motion to dismiss FLSA claim the factual allegations did not "indicat[e] that [the franchisor] had any authority or control over [the plaintiffs'] employment conditions").

In short, Plaintiff bears the burden to allege specific facts plausibly suggesting the truth of the legal conclusions he or she alleges, including joint employment. Even the cases cited by

---

amendment did not speak to joint employment, and Title VII's joint employment analysis continues to apply equally to claims of discrimination under the NYSHRL and NYCHRL. *See, e.g.*, *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 216 (S.D.N.Y. 2010) (applying Title VII's joint employer analysis to NYCHRL and NYSHRL); *Popat v. Levy*, 328 F. Supp. 3d 106, 125 (W.D.N.Y. 2018) (finding Title VII's joint employment test applies and noting "courts generally treat the state and city Human Rights Laws as comparable.") (internal citations omitted). Plaintiff cites no case law to the contrary.

Plaintiff, which denied joint employers' motions to dismiss, expressly acknowledged that "[i]n order to state a claim against . . . defendants other than her direct, formal employer on the basis of the 'joint-employer' doctrine, [a plaintiff] must plead enough facts so that the claim is facially plausible . . . ." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 219 (S.D.N.Y. 2010); *Ayala v. Metro One Sec. Sys., Inc.*, No. 11-CV-233 (JG) (ALC), 2011 U.S. Dist. LEXIS 42325, at *15-16 (E.D.N.Y. Apr. 19, 2011) ("In order for Ayala's claims against Loss Prevention to survive a 12(b)(6)  motion to dismiss, his complaint must contain sufficient 'factual content' for the Court to infer that he can plausibly make out the elements of the single employer doctrine."); *see also Popat v. Levy*, 328 F. Supp. 3d 106, 121 (W.D.N.Y. 2018) ("Based upon these *facts*, Plaintiff has *plausibly alleged* that UBNS and its employees maintained at least some control over the supervision, discipline, hiring, and firing of the University's employees, including Plaintiff." (emphases added)).

Plaintiff's cases are readily distinguishable because the extent of control by the joint employers far exceeded what Plaintiff alleges in the instant case.  For example, in *Dias v. Cmty. Action Project, Inc.*, No. 07-CV-5163 (NGG) (RER), 2009 U.S. Dist. LEXIS 17562, at *5 (E.D.N.Y. Mar. 4, 2009) (Garaufis, J.), the plaintiff pled that the joint employer: (1) funded the direct employer, which was a non-profit organization; (2) placed restrictions on the use of those funds, (3) required regular reporting—often from the plaintiff—on the use of those funds and other financial matters; (4) "shared management" with the direct employer; (5) had "control of [the direct employer]'s labor relations;" (5) gave performance evaluations to employees of the direct employer, including the plaintiff; (6) engaged a consultant with the "power to fire" employees of the direct employer; and (7) was the entity that made the decision to terminate the plaintiff. *Id.* at *4, *5, *12, *13. No comparable facts are alleged in the instant case. The case is

also distinguishable because the parties submitted an extensive evidentiary record including, for example, dueling declarations and documentary exhibits from at least five individuals,[5] which required the court to convert the motion to dismiss into one for summary judgment, on which it deferred ruling. *Id.* at *24.

Plaintiff also cites *Toppel v. Marriott Int'l, Inc.*, 2006 U.S. Dist. LEXIS 60529 (S.D.N.Y. Aug. 24, 2006), a slip-and-fall case, but it is inapposite because the franchisor was not even a party. The *Toppel* court was concerned with whether to hold the *franchisor's corporate parent* liable for acts of the *franchisor*, not whether to hold the franchisor liable for the franchisee. *Id.* at *17, *18. Plaintiff's Response includes a misquotation that does not appear in the opinion and improperly substitutes the word "[franchisee]" where it should read "[franchisor]." [Resp. at 12]. The *Toppel* court did mention that the franchisor might ultimately be liable for the plaintiff's injuries on the franchisee's premises, but only because the franchise agreement gave the franchisor direct control over the instrumentality of harm by which the plaintiff slipped and fell. *Id.* at *20. Specifically, the agreement required the franchisee "to abide by certain standards for furnishings" and "renovations" determined by franchisor and "imposed a requirement specifically regarding the amount of lighting in and around the restaurant where [the plaintiff]'s injury allegedly took place." *Id. Toppel* has no application to the instant case.

## B.    Plaintiff's Inconsistent Factual Allegations Require Dismissal.

Franchisor has argued that Plaintiff's conclusory statements of joint employment are not entitled to the presumption of truth because they are inconsistent with the specific factual allegations of the Amended Complaint. [Motion at 7]. For example, Paragraph 39 alleges that "*Defendants* interviewed and hired Plaintiff," while on the other hand Paragraph 51 states that

---

[5] These included "a former chairman of [the direct employer]'s board of directors," "the [direct employer]'s Administrator," "Michael Borelli," "Judith Tolbert," and "Reverend Daniel Ramm."

Mr. Abid told Plaintiff, "had *I* known that you were pregnant, *I* wouldn't have hired you." (emphases added). Similarly, Paragraph 44 alleges that "*Defendants*" trained Plaintiff, while Paragraph 26 alleges only that "Franchisor . . . *guides* Franchisee Defendant on how to . . . train employees." (emphases added). Paragraph 37 ambiguously alleges, "[a]t all times relevant hereto, Plaintiff was an employee of [Franchisee] and/*or* [Franchisor]."

Plaintiff's Response does not seem to dispute that the Amended Complaint is internally inconsistent. [Resp. at 13]. Instead, she argues simply that this Court is required "to accept all factual allegations set forth by the plaintiff as true . . . ." [*Id.*] (citing *Iqbal*). That is an incomplete statement of the law. While the Rules of Civil Procedure permit alternative pleading among different claims for relief, they do not allow "inconsistent assertions of fact within . . . an independent, unitary claim." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001). "When inconsistent factual allegations are made for reasons other than the pleader's uncertainty as to which allegation was true, dismissal is appropriate." *See, e.g.*, *Mrla v. Fed. Nat'l Mortgage Ass'n*, 15-CV-13370, 2016 WL 3924112, at *4 (E.D. Mich. July 21, 2016) (collecting five cases). In the instant case, Plaintiff knows who trained her, interviewed her, and hired her. The rules do not allow her to equivocate on these issues to avoid dismissal.

C.    **Plaintiff Pleads No Plausible Basis For Joint Employment Under The NYLL.**

Plaintiff's Response argues for joint employment under the "economic realities" test. She conspicuously fails to address Franchisor's contention that the New York Court of Appeals rejected the "economic realities" test in *Ovadia v. Office of Indus. Bd. of Appeals*, 19 N.Y.3d 138, 145 (N.Y. 2012). [Resp., 16-20]. Plaintiff argues that "two of the three cases" on which Franchisor relies in arguing for dismissal of Plaintiff's NYLL claims "are not related to NYLL or FLSA claims." [Resp. at 19]. In fact, Franchisor cited to four—not three—cases on this point,

and two of them—not one—were decided under the NYLL and FLSA, respectively. [Motion at 11-14]. The latter—*In re Domino's Pizza Inc.*, 2018 WL 4757944, at *5 (S.D.N.Y. Sept. 30, 2018)—cited six additional FLSA cases holding franchisors were not joint employers. *Id.* The remaining two cases cited by Franchisor's Motion were not brought under the NYLL, but they are highly probative in the matter at bar because they assessed joint employment under New York tort law, which, per *Ovadia*, is the same standard applicable under the NYLL. [Motion at 10] (citing *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 923–24 (S.D.N.Y. 2013)). Against this overwhelming weight of authority, Plaintiff cites a single case, *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201 (S.D.N.Y. 2014), which is readily distinguishable because the joint employer: (1) had the direct authority to hire and fire, (2) established the schedule of franchisee's employees, (3) determined their wages and compensation, and (4) monitored their performance. *Id.* at 207. There are no comparable allegations in the instant case.

**D.**   **Plaintiff Does Not Allege Franchisor Knew About, Or Could Have Prevented, The Alleged Misconduct.**

Even if Franchisor were Plaintiff's joint employer, "the plaintiff must still show that the joint employer knew or should have known of the discriminatory conduct and failed to take corrective measures within its control." *Conde*, 2012 U.S. Dist. LEXIS 72726, at *15, *16, *17 (dismissing complaint because "there [wa]s no suggestion in the Amended Complaint that Saks knew or should have known of [plaintiff's supervisor]'s impermissible motives such that it should have disbelieved [the supervisor]'s claims, or even been aware of Plaintiff's complaint.") Similarly, in the instant case, Plaintiff does not allege Franchisor had any knowledge of, or involvement in, the alleged misconduct. [Motion at 14-16].

Plaintiff offers no meaningful response to this argument except to comment that "[Franchisor] cites mostly to summary judgment cases." [Resp. at 20, 21]. *Conde* was decided on

a motion to dismiss, as have been other comparable cases in this Circuit. *See, e.g.*, *Goodman*, 850 F. Supp. 2d at 386-87 (dismissing complaint because it contained only "a bare-boned assertion regarding [the alleged joint employer]'s knowledge of the alleged discriminatory conduct and failure to act" which "d[id] not meet the standard set forth in *Iqbal* and *Twombly*").

Under the NYLL, Plaintiff claims that joint employer status automatically implicates vicarious liability regardless of Franchisor's knowledge or involvement, but the cases she cites do not support that proposition. They hold only that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *See, e.g.*, *Keun-Jae Moon v. Joon , at *Gab Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002).

### E.    <u>Plaintiff's NYLL Claims Fail For Lack Of An Agreement To Pay Wages.</u>

Plaintiff's NYLL claims against Franchisor must be dismissed because Plaintiff does not allege a contract between herself and Franchisor for the payment of wages. [Motion at 20, 21]. Plaintiff mischaracterizes this as an argument that "the statute of frauds would limit [Franchisor's] liability . . . ." [Resp. at 22]. In fact, Franchisor is not arguing that an oral agreement as to the payment of wages is unenforceable. Franchisor is arguing that Plaintiff does not allege any agreement *at all*—oral or otherwise. Plaintiff claims Franchisor omitted from its analysis the fact that *Vysovsky v. Glassman*, U.S. Dist. LEXIS 79725 (S.D.N.Y. 2007) was vacated on appeal, [Resp. at 22], but in fact Franchisor addressed that issue in detail. [Motion at 21, n.7].  Plaintiff does not address any of the other cases on which Franchisor relied.

Respectfully submitted,

/s/David B. Weinstein
David B. Weinstein
N.Y. Bar No. 4844767

Email: weinsteind@gtlaw.com
Catherine H. Molloy
Fla. Bar No. 033500 (*Pro Hac Vice*)
Email: molloyk@gtlaw.com
Tristan J. Reiniers
Fla. Bar No. 0119358 (*Pro Hac Vice*)
Email: reinierst@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Boulevard
Suite 1900
Tampa, Florida  33602
Telephone: (813) 318-5700
Facsimile:  (813) 318-5900
*Attorneys for Defendant, Checkers Drive-In
Restaurants, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2019, I used CM/ECF to electronically file the following bundle: (1) Defendant Checkers Drive-In Restaurants, Inc.'s Motion to Dismiss, (2) Plaintiff's Response, and (3) Defendant's Reply. CM/ECF will send a notice of electronic filing to:

**Katerina Housos**
**Brittany Alexandra Stevens**
Phillips & Associates
45 Broadway
Suite 620
New York, NY 10006
212-248-7431
Fax: 212-901-2107
katerina.housos@gmail.com
khousos@law.fordham.edu
khousos@tpglaws.com
bstevens@tpglaws.com
chernandez@tpglaws.com

/s/ David B. Weinstein
Attorney

11